CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
NOV - 8 2012

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **FERNANDO SANCHEZ,** | ) | **Civil Action No. 7:12-cv-00371** |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **F.B.O.P.,** | ) | **By:    Hon. Jackson L. Kiser** |
| **Respondent.** | ) | **Senior United States District Judge** |

Fernando Sanchez, a federal inmate proceeding pro se, filed a petition for a writ of

habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner alleges that "staff" at the United States

Penitentiary in Lee County, Virginia ("USP Lee"), negligently and unethically sent petitioner to

the Special Management Unit ("SMU") program and that staff at the Bureau of Prisons' ("BOP")

Central Office have not answered petitioner's grievance. Petitioner further alleges that the

Discipline Hearing Officer ("DHO") at the SMU-transfer hearing was biased against him and

USP Lee staff conspired to cover up the DHO's errors.[1] Petitioner concludes that these errors

and omissions violated due process and equal protection guaranteed by the Fifth Amendment to

the Unites States Constitution.[2] This matter is before me for preliminary review, pursuant to

Rules 1(b) and 4 of the Rules Governing § 2254 Cases. After reviewing petitioner's

submissions, I dismiss the petition without prejudice because petitioner's claims do not sound in

habeas relief.

Petitioner's habeas claims, including that his assignment to the SMU violated a right to

due process, fail as a matter of law. Section 2241 "confers habeas jurisdiction to hear the

---

[1] Petitioner also mentions that USP Lee "staff" treats him unfairly, denies him physical protection, and tampers with his mail, all in retaliation for unspecified reasons.
[2] Although plaintiff also invokes 5 U.S.C. § 552a(g)(3), The Privacy Act of 1974, he does not describe any claim about access to public records. Petitioner also invokes 28 C.F.R. § 541.12, which does not exist.

petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (noting exception pursuant to 28 U.S.C. § 2255(h)). The court must "focus[] on the need to ensure that . . . prisoners use only habeas corpus . . . remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the . . . custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). None of petitioner's claims affect the length of his sentence. Even if petitioner's SMU claim was successful, for example, releasing petitioner from the SMU to the general population would not alter the fact or duration of petitioner's confinement. Accordingly, petitioner fails to establish an entitlement to habeas relief via § 2241, and I dismiss the petition without prejudice.[3]

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner.

ENTER: This 8th day of November, 2012.

Jackson L. Kiser

Senior United States District Judge

---

[3] I decline to construe petitioner's claims as arising under the Privacy Act of 1974 or Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), because petitioner did not name a proper defendant and cannot rely on labels and conclusions to state a claim upon which relief may be granted. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that a plaintiff's basis for relief requires more than labels and conclusions); FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (refusing to find a Bivens remedy against a federal agency); 28 C.F.R. § 16.97 (listing inmate records as exempted by the BOP from the Privacy Act). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

2